IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMIRA HAZAMA and<br>AHMED ABDEL HAFIZ GHNEIM,<br><br>   Plaintiffs,<br><br>v.<br><br>JOHN KERRY, United States Secretary of State;<br>et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 15 C 4002 |

**MEMORANDUM OPINION AND ORDER**

Samira Hazama ("Hazama"), a United States citizen, and her husband Ahmed Abdel Hafiz Ghneim ("Ghneim") have brought this mandamus action to challenge the consular denial of an I-212 visa application for Ghneim's admission to this country. All four defendants -- United States Secretary of State John Kerry, Consul General Michael Ratney of the United States Consulate in Jerusalem, Consular Section Chief James Fellows of the same consulate, and the United States Department of State -- have joined in a motion to dismiss this action on jurisdictional grounds under Fed. R. Civ. P. 12(b)(1). For the reason stated in this memorandum opinion and order, defendants' motion to dismiss is granted.

Although plaintiffs' Complaint has freely acknowledged the potential of the doctrine of consular nonreviewality to trump an attack such as the one posed by this action on an adverse consular decision (see Complaint ¶ 3), the Complaint quite understandably placed the heaviest of reliance on the decision of the Court of Appeals for the Ninth Circuit in <u>Din v. Kerry</u>, 718 F.3d 836 (9th Cir. 2013) that rejected the applicability of that doctrine to a situation parallel to that of

plaintiffs here.[1]  But each of the Complaint's citations of the <u>Din</u> opinion also faithfully reported that the United States Supreme Court had granted certiorari to review that decision.  And just five weeks after the May 5, 2015 filing of this action, the Supreme Court handed down its decision overturning the Ninth Circuit's judgment by the narrowest of margins, with the three-Justice plurality opinion authored by Justice Scalia, coupled with a two-Justice opinion authored by Justice Kennedy concurring in the judgment, overriding a four-Justice dissenting opinion authored by Justice Breyer (<u>Kerry v. Din</u>, 135 S.Ct. 2128 (2015)).[2]

Because Justice Kennedy's opinion states a narrower ground for decision than Justice Scalia's plurality opinion, it is the Justice Kennedy opinion that controls this case.  Unfortunately for Hazama and Ghneim, that opinion is truly on all fours with this case -- it expressly holds that a consular officer's reliance on 8 U.S.C. § 1182(a)(3)(B) as the ground for denying a visa, without providing more specificity, suffices to satisfy both the Due Process Clause and the "facially legitimate and bona fide" standard established by <u>Kleindienst v. Mandel</u>, 408 U.S. 753, 770 (1972) (see <u>Din II</u> at 2140-41).  And that selfsame section was invoked by the consular officials in both <u>Din II</u> and plaintiffs' case in exactly the same way.

Simply put, <u>Mandel</u> and the Due Process Clause, viewed through the lens provided by Justice Kennedy's opinion in <u>Din II</u>, control the result here.  Accordingly the motion to dismiss

---

[1] "Heaviest of reliance" is no exaggeration -- <u>Din</u> was cited no fewer than nine times in plaintiffs' Complaint.

[2] Because any shorthand references to that decision employing the <u>Kerry</u> moniker would not sufficiently distinguish it from the large number of cases in which Secretary of State John Kerry is a party, confusion is best avoided by this opinion's referring to the Supreme Court's decision as "<u>Din II</u> --," using the page citations in the S.Ct. reporter but omitting the prefatory "135 S.Ct."

is granted, and this action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 26, 2015